UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DANYALE SHARRON TUBBS,

        Plaintiff,

v.

HEDI WASHINGTON,

        Defendants.
_____/

Case No. 1:19-cv-322

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### **Discussion**

    **I.**    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Muskegon

Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan, the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan, and in transit between the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan, and MCF.

Plaintiff sues MDOC Director Heidi[1] Washington, MCF Warden Sherri Lyn Burt, MCF Business Officer Manager D. Spaulding, Trinity Food Service General Manager Unknown Regenold, Trinity Food Service District Manager Unknown Abernathy, and MDOC Transportation Officers Unknown Howard, Unknown Drege, and Unknown Drum.

According to the allegations in Plaintiff's original and supplemental complaints (ECF Nos. 1 and 4) Plaintiff worked as a "cook helper" at MCF and his job duties consisted of cooking and preparing food for the general population. During Plaintiff's work shift on November 18, 2017, Defendant Regenold directed Plaintiff to transfer a heavy kettle across the food service area. Plaintiff states that portions of the floor were missing tiles, causing Plaintiff to trip and fall. The kettle, which weighed 350 pounds, fell on top of Plaintiff, causing him to suffer a back injury.

Plaintiff contends that Defendants Burt and Spaulding are culpable by virtue of their managerial positions. Plaintiff also states that Defendant Regenold is responsible because he ordered Plaintiff to move the kettle. Plaintiff offers affidavits from other prisoners stating that they had complained about the unsafe floor.

On January 4, 2017, while Plaintiff was confined at the Michigan Reformatory Correctional Facility, he was told to deliver a food cart to administrative segregation by his supervisor Defendant Abernathy. Plaintiff asked Defendant Abernathy if he could shovel the snow off the ramp which lead from food service to administrative segregation. Defendant Abernathy said "no," and told Plaintiff to deliver the cart because it was already late. Plaintiff began pushing

---

[1] Although Plaintiff spells the Director's first name as "Hedi", the Court will use the correct spelling, "Heidi".

the card down the ramp, despite the covering of snow and ice. The cart began to slide out of control, so Plaintiff grabbed for it. However the cart shifted, pushing Plaintiff off balance and causing him to fall. Plaintiff landed on his wrist and twisted his lower back. Plaintiff was later diagnosed with having a slipped disc. Plaintiff suffered from physical pain, as well as from depression and emotional distress.

On March 30, 2017, while Plaintiff was being transferred from the Lakeland Correctional Facility to the Muskegon Correctional Facility, Defendant Drege slammed on the brakes of the transfer vehicle, causing Plaintiff to be ejected from his seat onto the floor. This resulted in Plaintiff injuring his back. Defendants Howard and Drum were also present. After Plaintiff tumbled to the floor, other prisoners called for assistance. Defendant Drege "called it in," but was told to keep driving. So, Plaintiff was left unattended and was forced to remain on the floor for the remainder of the trip. Plaintiff complains that the MDOC transfer buses' lack of seatbelts and the practice of transferring prisoners while in chains are both unsafe for passengers. Plaintiff states that this practice resulted in him twisting his back.

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. <u>Respondeat superior</u>

Plaintiff fails to make specific factual allegations against Defendants Washington, Burt, or Spaulding, other than his claim that they are responsible for the condition of the facility by virtue of their job positions. Government officials may not be held liable for the

4

unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Washington, Burt, and Spaulding engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

      B.    <u>Eighth Amendment</u>

Plaintiff claims that the accidents he suffered at MCF, RMI, and while being transported between LCF and MCF, were caused by the Eighth Amendment violations of the named Defendants. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore prohibits conduct by prison officials that involves the "unnecessary and

5

wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346.

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4.

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation.

6

> The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Plaintiff's claims regarding his accidents at MCF and RMI concern workplace safety. The Sixth Circuit has provided no published instruction as to when and how hazardous prison working conditions may state a plausible claim under the Eighth Amendment. However, in *Phaneuf v. Collins*, 509 F. App'x 427, 432 (6th Cir. 2012), the court discussed the standard at some length, holding that "deliberate indifference is akin to criminal recklessness—that is, *knowingly* taking an unjustifiably high risk of causing serious harm." *Id.* at 432 (emphasis in original) (citing *Farmer*, 511 U.S. at 836). The court reasoned that "[o]nly an act committed with this mental state can adequately 'evince deliberateness tantamount to intent to punish.'" *Id.* at 431 (quoting *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (internal quotation marks and citations omitted)). Emphasizing the significance of such "quasi-penal intent," *id.* at 433, the court held that the defendant was not deliberately indifferent in activating a press without ensuring that the victim's hands were not in the way.

Other circuits have recognized that the Eighth Amendment is implicated when prisoners are forced to perform physical labor in known hazardous conditions. *Rayburn v. Blue*, 154 F. Supp. 3d 523, 532 (W.D. Ky. 2015) (discussing *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)); *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991)). In *Bibbs*, the Eighth

7

Circuit held that, although "the intentional placing of prisoners in dangerous surroundings or the manifestation of deliberate indifference to their safety violates the Eighth Amendment," a supervisor's decision to assign a prisoner to a machine on which the protective guards covering the gears had been removed sounded in negligence only. *Bibbs*, 943 F.2d at 27; *see also Lee v. Sikes*, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994) (applying Eighth Amendment to workplace safety); *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (indicating that it is questionable whether the Eighth Amendment applies to work-related prison injuries). To show deliberate indifference in the context of workplace safety, prisoners must show that their captors have "knowingly compel[led them] to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 882, 882 (8th Cir. 1977).

The types of factual circumstances which are insufficient to show deliberate indifference are illustrated by the Eighth Circuit's decision in *Warren v. Missouri*, 995 F.2d 130 (8th Cir. 1993) and by the District of South Carolina's decision in *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 111 (D. S.C. 1994). In *Warren*, an inmate was injured when a board "kicked back" from a table saw that he was operating at the furniture factory at the state penitentiary. 995 F.2d at 130. The inmate alleged that the defendants were deliberately indifferent in failing to equip the saw with an anti-kickback feature despite knowledge of prior injuries. The district court granted defendants' motion for summary judgment, and the Eighth Circuit affirmed. *Id.* at 130-31. Defendants introduced evidence that there had been twenty-nine table saw injuries in the five years preceding the inmate's injury, as well as efforts to correct the working condition of the saws when the injuries occurred; the plaintiff introduced evidence that there had been

twenty-one prior injuries. *Id.* at 131. Based on this evidence, the Eighth Circuit found that there was no genuine issue of deliberate indifference to a serious issue of workplace safety. *Id.* at 131.

In *Arnold*, an inmate working in the prison kitchen was burned by a twenty-five-gallon pot that tipped downward. 843 F. Supp. at 111. The inmate alleged that the kitchen supervisor had been informed that the pot was faulty, and the supervisor had replied that they did not have time to fix it. *Id.* at 113. The district court held that there was no evidence that defendants possessed the requisite culpability by failing to repair the pot, and, at best, the inmate had offered evidence which showed only negligence. *Id.*; *see also Stephens v. Johnson*, 83 F.3d 198, 201 (8th Cir. 1996) (even assuming that the administrator was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety).

Plaintiff's complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1987). A dismissal for failure to state a claim may not be countenanced upon a judge's disbelief of the factual allegations, and the Court regards Plaintiff's factual allegations as true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Even so, it is improper for the Court to assume that Plaintiff could prove facts not alleged in his complaint or to assume that Defendants have violated laws in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996). Moreover, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid*, 859 F.2d at 437 (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). Plaintiff's factual allegations do not raise an inference that Defendants were deliberately indifferent to his safety.

Plaintiff's broad assertion that Defendants were "deliberately indifferent" does not support his conclusion; merely stating the "magic words" is not enough. *See Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (despite use of phrase "deliberate indifference" in his pleadings, inmate failed to show that defendants possessed the requisite mental state). Rather, Plaintiff must support his conclusion with factual allegations.

The factual allegations in Plaintiff's complaint which pertain to the element of deliberate indifference are scant. Regarding his accident at MCF, Plaintiff offers affidavits of prisoners Tadrio Sims #570924, Calvin Cameron #274789, Deandre Williams #525186, and Myron Jordan #302145, all of whom attest that they had either complained about the missing tiles on the floor, or that Defendants had observed the condition of the floor. (ECF No. 4-1, PageID.48-51.) However, an awareness of the condition of the floor is not a sufficient basis on which to infer that Defendants knowingly compelled Plaintiff to work under dangerous circumstances. There is nothing in Plaintiff's allegations which supports an inference that Defendants were deliberately indifferent. The factual allegations in his complaint, at most, support only an inference of negligence. As stated, mere negligence is insufficient to state a claim under the Eighth Amendment.

With regard to Plaintiff's accident at RMI, Plaintiff alleges that he told Defendant Abernathy that there was snow and ice on the ramp and asked to shovel it. However, Defendant Abernathy ordered him to take the cart down the ramp despite this knowledge. According to Plaintiff, Defendant Abernathy verbalized concern that the cart was already late, and told Plaintiff to just take the cart to administrative segregation. Nothing in Plaintiff's allegations regarding this incident support a finding that Defendant Abernathy was deliberately indifferent to a substantial risk of serious harm to Plaintiff. As with Plaintiff's allegations regarding the damaged floor at

MCF, these allegations, at most, support an inference of negligence, which is insufficient to state a claim under the Eighth Amendment. Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims regarding poor working conditions at MCF and RMI.

Finally, with regard to Plaintiff's claim regarding his transport between LCF and MCF, the fact that Defendants transported Plaintiff on a bus without seat belts does give rise to a constitutional claim. Buses without seat belts are common. Under normal circumstances, without reckless driving or other risk factors, transporting a prisoner in a vehicle without seat belts does not subject the prisoner to a substantial risk of serious harm. *See Dexter v. Ford Motor Co.*, 92 F. App'x 637, 641 (10th Cir. 2004) (concluding that "a failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension" because "[t]he risk of a motor vehicle accident is dependent upon a host of factors unrelated to the use of seatbelts"); *accord Anderson v. Theibert*, No. 16-4020, 2017 WL 3140581, at *3 (6th Cir. Feb. 27, 2017); *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012); *Cooks v. Crain*, 327 F. App'x 493, 494 (5th Cir. 2009); *Smith v. Sec'y For Dep't of Corr.*, 252 F. App'x 301, 303-04 (11th Cir. 2007). Although Plaintiff claims that Defendant Drege slammed on the brakes, he does not allege facts showing that such an action was not required by road conditions or other traffic. Nothing in Plaintiff's complaint shows that Defendant Drege acted in a reckless manner. Moreover, Plaintiff alleges that Defendant Drege "called it in," but was told to keep driving. Although Plaintiff alleges that he was left on the floor during the remainder of the drive with a "twisted" back, he does not allege facts showing that he suffered anything more that temporary pain and distress. Plaintiff's allegations do not support a finding that Defendants Howard, Drege, and Drum acted with deliberate indifference. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants Howard, Drege, and Drum.

C.  Fourteenth Amendment

Plaintiff also asserts violations of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the "decencies of civilized conduct."'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).

"Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386,

12

395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there is a specific constitutional amendment that applies to Plaintiff's claims. The Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning each of his claims in this case. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Consequently, Plaintiff's substantive due process claims will be dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington, Burt, Spaulding, Regenold, Abernathy, Howard, Drege, and Drum will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: November 25, 2019 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE